UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
GAIL D. BECKLES,                                          :          ECF
Individually and on Behalf of All Other         :          21 Civ. 2447 (MKV)(SLC)
Persons Similarly Situated,                          :
                                                                    :
                                    Plaintiffs,          :
                                                                    :
        -against-                                            :
                                                                    :
LIFESPIRE, INC., THOMAS LYDON and      :
JOHN DOES #1-10,                                      :
                                                                    :
                                    Defendants.        :
------------------------------------------------------------------------X

# EXHIBIT A

# EXECUTED SETTLEMENT AGREEMENT

to the
**PLAINTIFF'S LETTER APPLICATION FOR APPROVAL OF SETTLEMENT**

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Settlement Agreement") is made and entered into by and between GAIL D. BECKLES ("Plaintiff"), LIFESPIRE, INC. ("LIFESPIRE"), and THOMAS LYDON ("LYDON," together with LIFESPIRE, the "Defendants") (collectively, with Plaintiff, the "Parties") as of August 11, 2021.

## RECITALS

A.     WHEREAS, on or about March 19, 2021, Plaintiff filed an action against the Defendants bearing the caption *Gail D. Beckles, Individually and on Behalf of All Other Persons Similarly Situated v. Lifespire, Inc., Thomas Lydon, and John Does #1-10*, Docket No. 1:21-cv-02447 (MKV) (the "Action"), alleging, *inter alia*, that the Defendants failed to pay Plaintiff certain wages due in connection with services she performed on LIFESPIRE'S behalf.  The aforementioned Action is currently pending in the United States District Court for the Southern District of New York;

B.     WHEREAS, the Defendants deny such allegations and contend that Plaintiff was paid all wages due and owing;

C.     WHEREAS, no Government Agency or Court has either considered or determined the Parties' respective claims;

D.     WHEREAS, the Defendants admit no wrongdoing nor any liability with respect to Plaintiff's allegations; and

E.     NOW, THEREFORE, in consideration of the foregoing and in consideration of the covenants, warranties, and promises set forth below, receipt of which is hereby acknowledged, the Parties agree as follows:

## AGREEMENT

1.     <u>Consideration</u>. The Parties are entering into this Settlement Agreement in exchange for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged. Plaintiff agrees that she will not seek any further consideration from the Defendants, including any monetary payments, beyond that set forth in Paragraph 2 of this Settlement Agreement.

2.     <u>Settlement Amount and Release.</u>

(a) The Defendants agree to pay Plaintiff the total gross settlement amount of Ten Thousand Dollars and Zero Cents ($10,000.00) (the "Settlement Amount"), as follows:

Within Twenty (20) calendar days of the Court's approval of this Settlement Agreement, Defendants shall deliver to the Law Office of William Coudert Rand, William Coudert Rand, Esq., 501 Fifth Avenue, 15th Floor, New York, New York 10017, two (2) checks in the total gross amount of $10,000.00, as follows:

1

(A) Six Thousand Two Hundred and Sixty-Five Dollars and Zero Cents ($6,265.00), payable to Plaintiff, less usual withholdings and deductions, for which LIFESPIRE shall issue a IRS Form W-2 to Plaintiff; and

(B) Three Thousand and Seven Hundred and Thirty-Five Dollars and Zero Cents ($3,735)($3,333.00 plus expenses of $402), payable to "Law Office of William Coudert Rand", for which LIFESPIRE shall issue a IRS Form 1099 to Law Office of William Coudert Rand.

(C) If Defendants fail to pay the Settlement Amount set forth in this Paragraph 2 within the time set forth in this Paragraph 2 and within 3 days of written notice to Defendants' counsel, Kevin J. Smith, Defendants agree to pay for the Plaintiff's costs, including reasonable attorneys fees related to Plaintiff's efforts to obtain payment of the Settlement Amount owed under this Agreement.

(D) Plaintiff acknowledges and agrees that she is not entitled to any other payment or consideration from Defendants.

3.    <u>Effective Date.</u>    This Agreement shall not be effective or enforceable and no payments will be made hereunder unless and until the Court approves the Agreement.

4.    <u>Release.</u>    For and in consideration of the Settlement Amount provided for in this Paragraph 2, subject to the terms and provisions of this Settlement Agreement, Plaintiff fully, finally, irrevocably and forever releases and discharges Defendants from any and all claims commenced in the Action, including those brought under the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), the Wage Parity Act, the Living Wage Act, and any claims for breach of contract (whether as a direct beneficiary or third-party beneficiary), which Plaintiff has or may have alleged against the Defendants as of the date of this Settlement Agreement.

5    <u>Covenant Not to Sue.</u>    Plaintiff affirms that she has not filed, or caused to be filed, and is not presently a party to, any action or complaint, including those with the Department of Labor or the United States Equal Employment Opportunity Commission, against Defendants seeking damages for the pertinent released claims as set forth in this Agreement, other than this Action.  Further, Plaintiff hereby covenant and agrees not to sue, commence, prosecute and continue any other proceeding or complaint (civil, administrative or criminal), with respect to the claims released in this Agreement.

6.    <u>Submission to Court for Approval and Purposes of Dismissing the Action.</u>

(a)    Concurrent with execution of this Agreement, the Parties agree to execute the "Stipulation for Dismissal with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court to be so ordered if the settlement is approved by the Court and the settlement monies are paid.

(b)    Court approval of this action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement renders this

Agreement null and void and no payments shall be made pursuant to the Agreement. The Parties have the option to nullify and/or void this Agreement if it is not approved by the Court on or before December 15, 2021.

(c)     Plaintiffs' Counsel shall submit to the Court a motion seeking Court approval of this Agreement, which Defendants may join, provided that Defendants' Counsel has received a copy of the motion papers five (5) business days in advance of such filing, to assess whether Defendants may join such motion. Defendants may provide reasonable comments and edits to Plaintiff's motion seeking Court approval of this Agreement, which Plaintiff may reasonably accept or reject. Defendants' counsel may or may not join in Plaintiff's motion for Court approval of this Agreement.

(d)     The Parties agree to cooperate reasonably with one another in seeking Court approval of Agreement, and to promptly agree upon and execute any documentation that may be reasonably required to obtain final approval by the Court of the Agreement.

(e)     Dismissal of Action. Any and all claims asserted by the Plaintiffs , shall be, and are, dismissed with prejudice upon the payment of the Settlement Amount. The Parties will execute and file a stipulation of dismissal in the form of Exhibit "A" within five (5) calendar days after the payment of the Settlement Amount.

(f)     Costs and Attorneys' Fees. Each Party will bear its own litigation costs and attorneys' fees in connection with this Action, except as specified in this Agreement.

7.     Third Parties.  No portion of this Agreement shall provide any rights to, or be enforceable in any forum by, any person or entity that is not a party to this Agreement except for the Law Office of William Coudert Rand.

8.     Acknowledgments.  By signing this Agreement, Plaintiff acknowledges and agrees that (a) she has been afforded a reasonable and sufficient period of time for review, deliberation thereon and negotiation of the terms thereof, and has consulted with legal counsel or a representative of her choice before signing it; (b) she has carefully read and fully understands all the provisions of this Agreement, all of which have been explained to her;  (c) she has signed this Agreement freely and voluntarily and without duress or coercion and with full knowledge of its significance and consequences and of the rights relinquished, surrendered, released and discharged hereunder; and (d) the only consideration for signing this Agreement are the terms stated herein, and no other genuine promise, agreement or representation of any kind has been made to her by any person or entity whatsoever to cause her to sign this Agreement.

9.     Governing Law and Interpretation.  This Settlement Agreement shall be governed by and in accordance with the laws of the State of New York without regard to its conflict of law provisions.  In the event of a breach of any provision of this Settlement Agreement, either Party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.

10.    <u>Jurisdiction</u>.  The Parties consent that the federal district court where the Action was originally filed will retain jurisdiction over any question or dispute arising out of or pursuant to this Settlement Agreement.

11.    <u>No Admission of Wrongdoing</u>.  The Defendants expressly deny any violation of any of laws, regulations or their policies or procedures.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.  This Agreement shall neither constitute nor establish any precedent and shall not be used or introduced by Plaintiff in any grievance, arbitration, judicial or other proceeding, except to enforce the terms of this Agreement.

12.    <u>Amendment</u>.  This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

13.    <u>Entire Agreement</u>.  This Settlement Agreement constitutes the complete understanding of the Parties.  No other promises or agreements shall be binding unless agreed to in writing and signed by the Parties.

14.    <u>Counterparts</u>.  This Agreement may be executed in any number of counterparts, each of which so executed shall be deemed an original, and such counterparts will together constitute but one Agreement.  Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party who transmits the signature page by facsimile or email.

[Remainder of Page Intentionally Left Blank]

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

_____
GAIL D. BECKLES

LIFESPIRE, INC.

By:_____
        Name:
        Title:

THOMAS LYDON

By:_____
        Name:  Thomas Lydon

5

IN WITNESS THEREOF, the Parties hereto evidence their agreement by their signature below.

GAIL D. BECKLES

LIFESPIRE INC

By: _Cassandra Dancy-Potts_
Name: CASSANDRA DANCY-Potts
Title: Vice President for Human Resources

THOMAS LYDON

By: _Thomas Lydon_
Name: Thomas Lydon

5

# **EXHIBIT A**

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
GAIL D. BECKLES,                                    :        ECF
Individually and on Behalf of All Other    :        21 Civ. 2447 (MKV)(SLC)
Persons Similarly Situated,                      :
                                                               :
                              Plaintiffs,          :
                                                               :
           -against-                                     :
                                                               :
LIFESPIRE, INC., THOMAS LYDON and    :
JOHN DOES #1-10,                                   :
                                                               :
                              Defendants.         :
-----------------------------------------------------------------------X

## <u>STIPULATION OF DISMISSAL</u>

**IT IS HEREBY STIPULATED AND AGREED,** by and between the Parties in the above

captioned action, through their undersigned counsel, and subject to approval by the Court, that, in

accordance with Rule 41 of the Federal Rules of Civil Procedure, the action is dismissed with prejudice

and without costs or attorney's fees as to any party except as referenced in the settlement agreement.  The

Court hereby retains jurisdiction over this matter to enforce the Settlement Agreement between the Parties.


Dated: August __, 2021

**LAW OFFICE OF WILLIAM COUDERT RAND**

**SHEPPARD, MULLIN, RICHTER & HAMPTON LLP**


By:_____

      William C. Rand, Esq.
      501 Fifth Avenue, 15th Floor
      New York, NY  10017
      212-286-1425
      wcrand@wcrand.com

      *Attorneys for Plaintiff*
      GAIL D. BECKLES

By:_____

      Kevin J. Smith, Esq.
30 Rockefeller Plaza

New York, NY 10112-0015

212-634-3052

KJSmith@sheppardmullin.com

*Attorneys for Defendants* LIFESPIRE, INC. and THOMAS LYDON


DATED: _____

SO ORDERED:


_____

D.C.J.